## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE BUTTS,** | : | **CIVIL ACTION NO. 1:08-CV-2259** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SCI CAMP HILL, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

_____Presently before the court is a civil rights complaint filed by George Butts

("Butts"), formerly an inmate at the State Correctional Institution at Camp Hill

(SCI-Camp Hill), Camp Hill, Pennsylvania.  (Doc. 1.)  Named as defendants are SCI-

Camp Hill, Superintendent Palokovich[1] and the Philadelphia Sheriff's Department.

(<u>Id.</u>)  Butts seeks to proceed in forma pauperis.  (Doc. 2.)  For the reasons that

follow, the motion will be granted solely for the purpose of the filing of the action

and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.   <u>Allegations of the Complaint</u>

Butts alleges that "while on a county sentence," the Philadelphia County

Sheriff's Department transported him to a state correctional facility without a state

prison commitment.  (Doc. 1, at 2.)  He avers that thereafter, the Pennsylvania

Department of Corrections illegally held him in protective custody for thirty days.

(<u>Id.</u>)  As relief, he seeks compensatory damages.  (<u>Id.</u> at p.  3.)

---

[1]Judicial notice is taken of the fact that the Superintendent's name is
properly spelled "Palokovich," not Palkovich, as stated in the complaint.

## II.   <u>Discussion</u>

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted . . . " 28 U.S.C. §1915(e)(2)(B)(ii).  The applicable standard of review is the same as the standard for a 12(b)(6) motion.  <u>Grayson v. Mayview State Hosp</u>., 293 F.3d 103 (3d Cir. 2002).  A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  <u>Id.</u> at 106.

In order to prevail on a § 1983 claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Nicini v. Morra</u>, 212 F.3d 798, 806 (3d Cir. 2000); <u>Schiazza v. Zoning Hearing Bd</u>., 168 F. Supp. 2d 361, 372 (M.D. Pa. 2001).

With respect to SCI-Camp Hill, plaintiff is unable to maintain the action as to this defendant because it is not a person for purposes of maintaining a civil rights action.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58 (1989); <u>Mt. Healthy City Bd. of Educ. v. Doyle</u>, 429 U.S. 274 (1977).  This entity has no existence apart from the government and cannot be considered a person for purposes of maintaining a civil rights action.

The claim against the Philadelphia Sheriff's Department must be dismissed as it is not a local government unit that can be sued under § 1983 pursuant to <u>Monell v. Dep't of Social Services of City of New York</u>, 436 U.S. 658, 688-90 (1978).

2

In Section 1983 actions, a police department cannot be sued because it is merely an administrative arm of the local municipality, and is not a separate judicial entity. See DeBellis v. Kulp, 166 F. Supp.2d 255, 264 (E.D. Pa. 2001) (collecting cases and stating that police departments cannot be sued in § 1983 because it is "merely an administrative arm of the local municipality, and is not a separate judicial entity."). See also Bonenberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (treating municipality and its police department as a single entity for purposes of § 1983 liability).

Lastly, the claim against defendant Palokovich is subject to dismissal. "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); see Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08.

Significantly, a person ordered incarcerated by a Pennsylvania criminal court may be sent to either a county or state correctional institution, depending on the length of sentence. A person sentenced to a maximum term of less than two years must serve his sentence in a county correctional institution within the jurisdiction of the court. 42 PA. STAT. ANN. § 9762(3). A person sentenced to a

3

maximum term of five years or more must serve his sentence in a state correctional facility. 42 PA. STAT. ANN. § 9762(1).  A person sentenced to a maximum term of between two and five years may be committed to either a state correctional institution or a county correctional institution.  42 PA. STAT. ANN. § 9762(2).  "[T]he decision whether to place prisoners sentenced to a maximum period of two (2) years or more but less than five (5) years in a county facility or . . . in a state facility, 'is within the sound discretion of the trial judge.' " Commonwealth v. Stalnaker, 376 Pa. Super. 181, 545 A.2d 886, 888 (1988) (quoting County of Allegheny v. Commonwealth, 507 Pa. 360, 490 A.2d 402, 412 (1985)).  Butts fails to set forth allegations that would indicate that Palokovich had any involvement in designating the institution to which Butts was confined.

Even if he were to establish personal involvement, the claim against Palokovich would still be subject to dismissal.  Under  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), if a favorable judgment on a §1983 damages claim would "necessarily imply the invalidity" of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  "A state prisoner's § 1983 action is barred (absent prior invalidation)- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

4

Butts does not provide any information on his county sentence.  Utilizing Pennsylvania's Unified Judicial System, the Pennsylvania Judiciary's Web Application Portal for electronic services, see http://ujsportal.pacourts.us, the court learned that since 2001, Butts has been criminally prosecuted approximately seventeen times.  The most recent case involved two charges for  unauthorized use of a motor vehicle and a charge of receiving stolen property filed in the Court of Common Pleas of Philadelphia County on February 15, 2008.[2]  He was found not guilty of receiving stolen property, but guilty of the unauthorized use of a motor vehicle.  On July 23, 2008, he was sentenced to six to twenty-three months on the unauthorized use of a motor vehicle conviction.[3]  While awaiting disposition of these charges, he was serving a one to two year sentence for unauthorized use of a motor vehicle imposed by the Municipal Court of Philadelphia County on February 7, 2008.[4]  He served a portion of this sentence at the State Correctional Institution at Graterford and the State Correctional Institution at Camp Hill.  Hence, Butts's complaint is subject to dismissal as any decision in his favor would imply the invalidity of the above sentences.

---

[2]     The docket number is CP-51-CR-0001909-2008, Comm. v. Butts, George 2/15/2008, Philadelphia, Butts, George, date of birth 05/20/1983.

[3] On January 23, 2009, his motion for early release was granted and he was paroled to his home address.

[4] The docket number is MC-51-CR-0042931-2007, Comm. v. Butts, George 9/14/2007, Philadelphia, Butts, George, date of birth 05/20/1983.

**III.**   **Conclusion**

Based on the foregoing, the complaint will be dismissed pursuant to 28

U.S.C. § 1915(e)(2))(B)(ii).

An appropriate order follows.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        January 29, 2009

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE BUTTS,** | : | **CIVIL ACTION NO. 1:08-CV-2259** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SCI CAMP HILL, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 29th day of January, 2009, upon consideration of plaintiff's

complaint (Doc. 1), it is hereby ORDERED that:

1.    The application to proceed in forma pauperis (Doc. 2) is GRANTED for the sole purpose of the filing of the action.

2.    The complaint (Doc. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3.    Plaintiff's motion for appointment of counsel (Doc. 8) is DENIED as moot.

4.    The Clerk of Court is directed to CLOSE this case.

5.    Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge